defendant points to a past record of relatively minor offenses as evidence that his sentence was excessive. However, the defendant committed a grave offense here and the sentence imposed is not disproportionate to the seriousness of the offense, nor does it fail to recognize the possibility of rehabilitation. While we do not agree that the defendant's maximum sentence should be reduced, the minimum must be reduced to comply with the provisions of the Unified Code of Corrections. (Ill. Rev. Stat., ch. 38, par. 1005—8—1(c)(3).) The defendant was convicted of a class 2 felony and the greatest maximum term was imposed, 20 years. The minimum term cannot be greater than one-third the maximum and therefore the defendant's sentence of 7 to 20 years is reduced to 6 years and 8 months to 20 years. With the exception of reducing the defendant's minimum sentence, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JESSE HERNANDEZ, Petitioner-Appellant.

(No. 59070; ▮▮▮▮▮▮▮▮▮

First District (4th Division)—February 6, 1974.

Opinion by Mr. JUSTICE DIERINGER.

James J. Doherty, Public Defender, of Chicago (John Bogren, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.